# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| Lena Noble,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Commercial Recovery Systems, Inc.,<br><br>　　　　　　Defendant. | Civil Action No.: 4:13-cv-00205<br><br><br>**COMPLAINT**<br>JURY |

For this Complaint, the Plaintiff, Lena Noble, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Lena Noble ("Plaintiff"), is an adult individual residing in Sulphur Springs, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Commercial Recovery Systems, Inc. ("Commercial"), is a Texas business entity with an address of 8035 RL Thornton Freeway, Suite 220, Dallas, Texas 75228,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

6.     The Plaintiff allegedly incurred a financial obligation in the approximate amount of $3,000.00 (the "Debt") to Citi Financial (the "Creditor").

7.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.     The Debt was purchased, assigned or transferred to Commercial for collection, or Commercial was employed by the Creditor to collect the Debt.

9.     The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Commercial Engages in Harassment and Abusive Tactics**

10.     On or around January 28, 2013, Commercial called Plaintiff's mother-in-law in an attempt to collect the Debt.

11.     During the conversation with Plaintiff's mother-in-law, Commercial falsely stated that it had a warrant for Plaintiff's arrest and that Plaintiff would go to jail if the Debt was not paid immediately.

12.     Plaintiff immediately returned a call to Commercial and informed Commercial that she could not afford to pay the Debt at that time.

13.     Commercial threatened to garnish Plaintiff's wages and freeze Plaintiff's bank account if the Debt was not paid by January 31, 2013. Commercial neither sued nor obtained

judgment against Plaintiff and therefore had no present ability or legal authority to garnish Plaintiff's wages or bank account.

14. Commercial further told Plaintiff that the amount owed would go from $3,000.00 to $24,000.00 if it was not received by January 31, 2013.

15. Moreover, Commercial threatened to send a "constable" to serve and arrest Plaintiff if the Debt was not paid immediately.

**C.  Plaintiff Suffered Actual Damages**

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

17. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

21. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character, amount and legal status of the Debt.

24. The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiff with garnishment if the Debt was not paid.

25. The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiff with imprisonment if the Debt was not paid.

26. The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiff with attachment of his property if the Debt was not paid.

27. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

28. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

29. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

33. The Defendant are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

34. The Defendant falsely accused or threatened to falsely accuse the Plaintiff of fraud or a crime, in violation of Tex. Fin. Code Ann. § 392.301(a)(2).

35. The Defendant threatened that the Plaintiff would be arrested for nonpayment of the Debt without court proceedings, in violation of Tex. Fin. Code Ann. § 392.301(a)(5).

36. The Defendant threatened to seize, repossess or sell the Plaintiff's property without first instituting proper court proceedings, in violation of Tex. Fin. Code Ann. § 392.301(a)(7).

37. The Defendant threatened to take action prohibited by law, in violation of Tex. Fin. Code Ann. § 392.301(a)(8).

38. The Defendant attempted to collect a charge, fee or expense unauthorized by agreement, in violation of Tex. Fin. Code Ann. § 392.303(a)(2).

39. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);
7. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
8. Punitive damages; and
9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 8, 2013

                                           Respectfully submitted,

                                           By */s/ Jody B. Burton*

                                           Jody B. Burton, Esq.
                                           Bar No.: 71681
                                           LEMBERG & ASSOCIATES L.L.C.
                                           1100 Summer Street, 3rd Floor
                                           Stamford, CT 06905
                                           Telephone: (203) 653-2250
                                           Facsimile:  (203) 653-3424
                                           E-mail: jburton@lemberglaw.com
                                           Attorneys for Plaintiff